UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: ) | |
| ) | Case No. 14-14421 |
| Belayneh Zewdie ) | (Chapter 13) |
|    Debtor ) | |
| ) | |
| Belayneh Zewdie ) | |
| 5800 Spring Meadows ) | Adv No. |
| Bowie, MD 20720 ) | |
|    Plaintiff ) | |
| v. ) | |
| ) | |
| William Demchak, Chairman ) | |
| PNC BANK INC ) | |
| 249 Fifth Avenue ) | |
| Pittsburgh, PA 15222 ) | |
|    Defendant ) | |
| -and- ) | |
| Covahey, Boozer, Devan & Dore, P.A. ) | |
| 11350 McCormick Road EP III Suite 200 ) | |
| Hunt Valley MD 21031 ) | |
|    Counsel for Defendant ) | |
| -and- ) | |
| Nancy Grigsby ) | |
|    Trustee ) | |

**COMPLAINT FOR DECLARATORY ACTION TO DETERMINE SCOPE, VALIDITY AND EXTENT OF LIEN OF DEFENDANTS PURSUANT TO 28 U.S.C. §§ 2201-2202; 11 U.S.C. §§ 105(a) and 506(a)**
**(5800 Spring Meadows Bowie, MD 20720)**

Belayneh Zewdie (the "Debtor"), by and through undersigned counsel, John D. Burns, Esquire, and The Burns LawFirm, LLC hereby files this Civil Complaint as to BANK OF AMERICA INC (the "Defendant"), and states as follows:

**JURISDICTION AND VENUE:**

1.    The Bankruptcy Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a), (b), 2201-2202 and 157(b). This contested matter consists of a core

proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper pursuant to 28 U.S.C. § 1409.  The Debtor moves for relief under 11 U.S.C. §§ 105(a), 363(b), 506(a), (d), 541(a), (d), and 1322(b)(2). The Debtor consents to entry of final Orders by the Bankruptcy Court in this adversary proceeding.

  2.  The Debtor resides in the State of Maryland at 5800 Spring Meadows Bowie, MD 20720 (the "Property").  The Property is valued at $530,000.00 See, Schedule A [Dkt 12].

  3.  PNC BANK INC is a financial institution situated at 249 Fifth Avenue Pittsburgh, PA 15222 (the "Defendant").

  4.  Nancy Grigsby is panel Trustee herein (the "Trustee") and is joined as a necessary party defendant in this proceeding. She maintains offices in Bowie, MD.

## **FACTUAL AVERMENTS:**

  5.  The Debtors have scheduled PNC BANK INC as a first priority lien holder with a principal amount on the mortgage of $721,093.61 [See Mortgage Statement Exhibit 1] plus arrears of $68,301 [See Schedule D Dkt 12] which constitute a claim for $789,403.61. The PNC BANK INC Claim is subject to "strip down" or partial avoidance under 11 U.S.C. § 506(a) because it is not an allowed claim secured by a lien on the Property above the value of the Property which is $530,000.00. No Proof of Claim has been filed.  Accordingly, taking the Claim filed at $789,403.61, the Claim is subject to "strip down" to an unsecured claim in the amount of $259,403.61.

  6.  Section 1322(b)(2) of the Code provides in relevant part that the Debtor may "modify the rights of holders of secured claims, other than a **claim** secured **only** by a security interest in real property that **is** the debtor's principal residence, or of holders of

unsecured claims, or leave unaffected the rights of holders of any class of claims." *See*, 11 U.S.C. § 1322(b)(2)(2011) (Emphasis supplied). The key words herein are "claim," and "only.

7. The Claim is not "only" secured by the Property even if there is a valid secured claim under the deed of trust (the "DOT") relating to the Claim herein. The DOT demonstrates that the Claim herein asserts a security interest or assignment in other collateral which takes them outside the anti-modification provisions that would apply if this were a principal residence. For example, *"Miscellaneous Proceeds" found at Definitions M within the DOT represents additional collateral and constitutes "any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverage described in Section 5); for (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; (iv) or; misrepresentations of, or omissions as to, the value and/ or condition of the Property."*

8. These Miscellaneous Proceeds are a source of repayment to PNC BANK INC at issue. They are assigned to the PNC BANK INC as additional security and collateral. See, DOT § 11.

9. Moreover, the DOT calls for the Plaintiff to pay "Escrow Items" which in addition to the Property may be a source of repayment of the loan at issue. See, DOT § 3. Indeed, evidencing an intent that such monies be additional security the DOT recites that"[u]pon payment of all sums secured by this security instrument, Lender shall promptly refund to Borrower any Funds held by Lender." See, DOT § 3.

10. Likewise, the DOT contains an assignment of insurance proceeds provision which constitutes additional security for the monies advanced. See, DOT § 5.

11.     Accordingly, in the alternative to those facts presented above as to waiver of any security interest, the Claim is not a loan that is "secured **only** by" a security interest in the Debtor(s)' principal residence. The Claim on its face presents other collateral pursuant to the above recited provisions of the DOT.

12.     For the purposes of Section 1322(b)(2) of the Code, "only" means what ordinary language requires. The plain and ordinary meaning of the word "only" is "alone in a class or category." Webster-Merriam Dictionary Online (2012). "[A] statute must, if possible, be construed in such fashion that every word has some operative effect." In re Hicks, 138 B.R. 505, 507 (Bankr. D. Md. 1992), *citing* United States v. Nordic Village, 112 S.Ct. 1011, 1015 (1992); United States v. Menasche, 75 S.Ct. 513, 538-39 (1955). The Supreme Court has recognized that any endeavor of statutory interpretation should begin with the plain words of the statute. See *United States v. Ron Pair Enterprises, Inc*., 109 S.Ct. 1026 (1989); *Landreth Timber Company v. Landreth,* 105 S.Ct. 2297 (1985). "In this case, it is also where the inquiry should end, for where, as here, the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" Hicks, 138 B.R. at 507 (citations omitted). A court is to examine statutory language first, and if unclear, then to look to legislative history. See, *Toibb v. Radloff,* 501 U.S. 157, 111 S.Ct. 2197 (1991).

## COUNT I
### (Determination of scope, extent and validity of lien)
### (11 U.S.C §§ 105(a), 506(a))

13.     Paragraphs 1-12 are incorporated and re-alleged herein.

14.     Debtor owns the entirety of ownership interests in the Chapter 13 case in the Property.

15.     PNC BANK INC holds a first priority lien against the Property as itemized

above and the lien is subject to avoidance in the amount of $259,403.61. This relief is necessary and appropriate to effectuate the provisions of Title 11 U.S.C. § 506(a). After accounting for the value of the Property at $530,000.00, there is only $530,000.00 in value to support the aforementioned lien of PNC BANK INC. The remainder of the lien of PNC BANK INC should be avoided and an unsecured claim awarded to PNC BANK INC in the amount of $259,403.61. There is no prohibition against modifying this partially secured claim and avoiding the lien pursuant to 11 U.S.C. § 1322(b)(2) because this lien is not only secured by the principal residence of the Debtor.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order:

(i) Granting Count I of the Complaint;

(ii) Avoiding the first priority lien of PNC BANK INC against the Property such that there is no allowed claim of PNC BANK INC which exceeds $530,000.00 in this case against the Property; and

(iii) Allowing an unsecured claim of PNC BANK INC in the amount of $259,403.61 for treatment in the Debtors prospective amended plan; and

(iv) Granting such other and further relief as equity and justice may require.

Respectfully submitted,

---------/S/  John D. Burns-----------

John D. Burns, Esquire (Bar # 22777)
The Burns LawFirm, LLC
6303 Ivy Lane, Suite 102
Greenbelt, Maryland 20770
(301) 441-8780
jburns@burnsbankruptcyfirm.com
Counsel for Debtor