# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BELAYNEH ZEWDIE**, | * | |
| | * | |
| Debtor-Appellant | * | |
| | * | |
| v. | * | Civil No. **PJM 15-2167** |
| | * | |
| **PNC BANK, N.A.,** | * | |
| | * | |
| Appellee | * | |

## MEMORANDUM OPINION

This is a bankruptcy case in which a Debtor, disappointed by a ruling of the Bankruptcy Court, has sought to prolong the period in which he was required to file his brief with the District Court.

During the course of his Chapter 13 bankruptcy proceedings, Debtor-Appellant Belayneh Zewdie filed an adversary complaint against creditor PNC Bank, N.A, seeking in part to bifurcate PNC Bank's first lien on a primary residence. On June 8, 2015, the Bankruptcy Court granted PNC Bank's Motion for Judgment on the Pleadings and dismissed the adversary proceeding. Under the Federal Rules of Bankruptcy Procedure, Zewdie had 14 days to note his appeal and designate the record to be filed with the District Court, Fed. R. Bankr. P. 8002 and 8009, and 30 days after the record was transmitted to file his brief in support of his appeal, Fed. R. Bankr. P. 8018.

Zewdie filed his Notice of Appeal on June 22, 2015, and the record was transmitted to electronically to this Court on July 24, 2015. The deadline for Zewdie's appeal brief was August 24, 2015. As of this writing, December 10, 2015, 108 days after his brief should have been filed, Zewdie has yet to do so.

Instead, on July 20, 2015, through counsel, Zewdie filed a Motion to Certify his Appeal directly to the U.S. Court of Appeals for the Fourth Circuit. His motion was not accompanied by a motion to extend the time to file his brief with this Court.

On October 9, 2015, Appellee PNC Bank responded, asking for the Motion to be denied, and on August 6, 2015, the Court issued a Memorandum Opinion and Order denying the Motion to Certify.

Then again, instead of seeking an extension of time to file his brief with the Court, on October 16, 2015, Zewdie filed a Motion to Stay the proceedings in this Court pending a ruling by the Fourth Circuit in a case Zewdie argued would be dispositive of the issue he sought to raise in this Court.   Again, PNC Bank filed an opposition to the motion and again the Court is prepared to deny the motion.

Just in the last few days, however, the Court has received a motion from Zewdie's counsel seeking to immediately withdraw from the case, with the obvious implication that Zewdie, without counsel, would be unable to file his brief any time soon.

Without intending to impugn counsel's recent request to immediately depart the case, it is clear that Zewdie's maneuvering suggests bad faith on his part.

The Court is concerned that to overlook maneuvers such as are present here would encourage every appellant from a decision of the Bankruptcy Court to file the sort of motions Zewdie has filed, just to gain time in which to file his or her brief with the District Court.

Indeed PNC asks this Court to dismiss Zewdie's appeal based on his untimeliness.

The Court recognizes that dismissing an appeal from the Bankruptcy Court in its entirety is a drastic sanction, to be sparingly applied. *In re SPR Corp.*, 45 F.3d 70, 73 (4th Cir. 1995) (citing *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992)). For this reason, it must

weigh all of the following four factors before dismissing an appeal on procedural, non-jurisdictional grounds such as failure to file a timely appeal brief: (1) whether there has been bad faith or negligence on the part of the appellant; (2) whether appellant had "notice or an opportunity to explain the delay"; (3) "whether the delay had any possible prejudicial effect on the other parties"; and (4) the "impact of the sanction and available alternatives." *SRP*, 45 F.3d at 70 (quoting *Serra Builders*, 970 F.2d at 1311).

So while the Court at a minimum questions the good faith of Zewdie in prolonging this appeal, it is not convinced – at least not yet – that the other factors require for total dismissal of his appeal have been satisfied.

Accordingly, without in any way approving what Zewdie has accomplished heretofore, the Court will grant him until January 31, 2016 to file his brief with this Court (and, if he chooses to do so), to engage new counsel to help him file the brief.  There will be no extension of time beyond that date for Zewdie to file.  If he fails to file by that deadline, his appeal will be dismissed.

A separate Order will **ISSUE**.


_____**/s/**_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

December 10, 2015