IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BELAYNEH ZEWDIE,** *pro se* | * | |
| | * | |
| Debtor-Appellant, | * | |
| | * | |
| | * | |
| v. | * | Civil No. **PJM 15-2167** |
| | * | |
| **PNC BANK, N.A.,** | * | |
| | * | |
| Appellee | * | |
| | * | |

**MEMORANDUM OPINION**

Debtor-Appellant Belayneh Zewdie (Zewdie), disappointed by a ruling of the Bankruptcy Court, has abused the appellate process before this Court by filing a series of dilatory motions while not even seeking leave for an extension of time to file a brief before this Court. Appellee PNC Bank, N.A. (PNC Bank) has filed a Motion for Summary Affirmance, or in the Alternative to Dismiss Zewdie's Appeal. ECF No. 16. The Court will **GRANT** PNC Bank's Alternative Motion to Dismiss (ECF No. 16) based on Zewdie's failure to timely file an appeal brief.

\*\*\*

The background of this case was set forth in the Court's Memorandum Opinions and Orders dated October 9, 2015 and December 10, 2015, ECF Nos. 6, 7, 12, and 13, but to recap the relevant history:

During the course of his Chapter 13 bankruptcy proceedings, Zewdie filed an adversary complaint against creditor PNC Bank seeking in part to strip down PNC Bank's first lien on his primary residence. On June 8, 2015, the Bankruptcy Court granted PNC Bank's Motion for Judgment on the Pleadings and dismissed the adversary proceeding. Zewdie filed his Notice of

1

Appeal on June 22, 2015, and the record was transmitted electronically to this Court on July 24, 2015. ECF No. 1. Under Federal Rule of Bankruptcy Procedure 8018, the deadline for the filing of Zewdie's appeal brief in this Court was August 24, 2015.

On July 20, 2015, however, Zewdie filed with the Court a Motion to Certify his appeal directly to the Fourth Circuit, but without asking the Court to extend the August 24 deadline for the filing of his appeal brief with this Court. On August 6, 2015, PNC Bank responded to Zewdie's Motion to Certify, asking that it be denied. On October 9, 2015, the Court agreed with PNC Bank and denied the Motion to Certify. August 24 thus came and went, and Zewdie filed neither an appeal brief nor a motion to extend the time to file his brief.

On October 16, 2015, nearly two months after his brief was due and again without filing a motion to extend the time to file, Zewdie filed a Motion to Stay Appeal. ECF No. 8. While the Court was gearing up to deny the Motion to Stay, on December 8, 2015, Zewdie's counsel, having been discharged by Zewdie, filed an unanticipated Motion to Withdraw, ECF No. 11, with "the obvious implication that Zewdie, without counsel, would be unable to file his brief any time soon," Mem. Op. at 2, ECF No. 12.

Even so, by Memorandum Opinion and Order dated December 10, 2015, the Court held that, while Zewdie's "maneuvering" suggested bad faith, he would be given until January 31, 2016 to file his appeal brief. *Id.* at 3. The Court also expressly stated that there would be no further extension of time beyond that date for Zewdie to file his brief. It is now February 17, 2016, and Zewdie has yet to file a brief.

The Court has considered and weighed the factors for dismissal of a bankruptcy appeal on procedural grounds: (1) whether there has been bad faith or negligence on the part of the appellant; (2) whether appellant had "notice or an opportunity to explain the delay"; (3) "whether

the delay had any possible prejudicial effect on the other parties"; and (4) the "impact of the sanction and available alternatives." *In re SPR Corp.*, 45 F.3d 70, 72 (4th Cir. 1995) (quoting *In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir. 1992)). The Court finds that all these requisites are satisfied in this case. Zewdie's maneuvering throughout the course of the appeal indicates bad faith on his part, and despite the fact he has been given ample opportunity and notice to explain the delay, he has not done so. Moreover, Zewdie's efforts to prolong the proceedings have prejudiced the trustee and creditors' efforts with respect to the disposition of estate assets. The Court has considered available alternatives to dismissal, again even allowing Zewdie further time to file his appeal brief, but he has failed to avail himself of this opportunity or even suggest an alternative disposition.

If every litigant disappointed by a decision of the Bankruptcy Court could manipulate the appeals process as Zewdie has done here, the rules of procedure would be empty of meaning.

In light of the clear untimeliness of Zewdie's appeal and particularly his failure to comply with the Court's December 10, 2015 Order, PNC Bank's Motion to Dismiss Appeal (ECF No. 16) is **GRANTED**, and Zewdie's appeal is hereby **DISMISSED**.

A separate Order will **ISSUE**.

                                                                         /s/
                                          **PETER J. MESSITTE**
                                  **UNITED STATES DISTRICT JUDGE**

**February 17, 2016**